UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
MARY KENNY,

             Plaintiff,

        -against-

NASSAU UNIVERSITY MEDICAL
CENTER, THE LONG ISLAND HOME,
INCORPORATED VILLAGE OF
HEMPSTEAD, WALTER OHR, JOHN
DOE 1 AND JOHN DOE 2,

             Defendants.
-----------------------------------------------------X

Civil Action No.: 2: -SJF-AKT

ANSWER TO AMENDED
COMPLAINT AS TO
DEFENDANT NASSAU
UNIVERSITY MEDICAL CENTER

    Defendant NASSAU UNIVERSITY MEDICAL CENTER, by its attorneys, LAWRENCE, WORDEN, RAINIS & BARD, P.C., answers the Amended Complaint of the plaintiff as follows:

## INTRODUCTION

1. Denies each and every allegation contained in paragraph numbered and designated "1" of the Amended Complaint and refers all questions of law to this Honorable Court at the trial of this action.
2. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered and designated "2" of the Amended Complaint.
3. Denies each and every allegation contained in paragraph numbered and designated "3" of the Amended Complaint except admits that the plaintiff was brought to NUMC.

## JURISDICTION AND VENUE

4. Denies each and every allegation contained in paragraph numbered and designated "4" of the Amended Complaint and respectfully submits all questions of fact and law to this Honorable Court at the trial of this action.
5. Denies each and every allegation contained in paragraph numbered and designated "5" of the Amended Complaint and respectfully submits all questions of fact and law to this Honorable Court at the trial of this action.
6. Denies each and every allegation contained in paragraph numbered and designated "6" of the Amended Complaint and respectfully refers all questions of fact and law to this Honorable Court.

## ADMINISTRATIVE PREREQUISITES

7. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs numbered and designated "7" of the Amended Complaint.
8. Denies each and every allegation contained in paragraphs numbered and designated "8" of the Amended Complaint.

## PARTIES

9. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs numbered and designated "9" of the Amended Complaint.
10. Denies each and every allegation in the form alleged contained in paragraph numbered and designated "10" of the plaintiff's Amended Complaint except admits that Nassau University Medical Center is a public benefit corporation existing under the laws of the State of New York.
11. Denies each and every allegation contained in paragraph numbered and designated "11" of the Amended Complaint.
12. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs numbered and designated "12" of the Amended Complaint.
13. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs numbered and designated "13" of the Amended Complaint.
14. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs numbered and designated "14" of the Amended Complaint.
15. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs numbered and designated "15" of the Amended Complaint.
16. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs numbered and designated "16" of the Amended Complaint.

## ALLEGATIONS COMMON TO ALL CLAIMS

17. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered and designated "17" of the Amended Complaint.
18. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered and designated "18" of the Amended Complaint.
19. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered and designated "19" of the Amended Complaint.
20. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered and designated "20" of the Amended Complaint.
21. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered and designated "21" of the Amended Complaint.
22. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered and designated "22" of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered and designated "23" of the Amended Complaint.
24. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered and designated "24" of the Amended Complaint.
25. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered and designated "25" of the Amended Complaint.
26. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered and designated "26" of the Amended Complaint except admits that plaintiff was transported to the Emergency Department of NUMC.
27. Admits the allegations contained in paragraph numbered and designated "27" of the Amended Complaint.
28. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered and designated "28" of the Amended Complaint.
29. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered and designated "29" of the Amended Complaint.
30. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered and designated "30" of the Amended Complaint.
31. Denies each and every allegation contained in paragraph numbered and designated "31" of the Amended Complaint.
32. Denies each and every allegation contained in paragraph numbered and designated "32" of the Amended Complaint.
33. Denies each and every allegation contained in paragraph numbered and designated "33" of the Amended Complaint.
34. Denies each and every allegation contained in paragraph numbered and designated "34" of the Amended Complaint.
35. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered and designated "35" of the Amended Complaint.
36. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs numbered and designated "36" of the Amended Complaint.
37. Denies each and every allegation contained in paragraph numbered and designated "37" of the Amended Complaint.
38. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs numbered and designated "38" of the Amended Complaint.
39. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs numbered and designated "39" of the Amended Complaint.
40. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs numbered and designated "40" of the Amended Complaint.
41. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs numbered and designated "41" of the Amended Complaint.
42. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs numbered and designated "42" of the Amended Complaint.

43. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs numbered and designated "43" of the Amended Complaint.
44. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered and designated "44" of the Amended Complaint.
45. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered and designated "45" of the Complaint.
46. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered and designated "46" of the Complaint.
47. Denies each and every allegation contained in paragraph numbered and designated "47" of the Amended Complaint.

## ANSWERING THE FIRST CAUSE OF ACTION

48. With respect to paragraph "48" of the Amended Complaint, the answering defendant repeats and re-alleges paragraphs numbered and designated "1" through "47" inclusive, of this Answer.
49. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs numbered and designated "49" of the Amended Complaint.
50. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs numbered and designated "50" of the Amended Complaint.
51. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs numbered and designated "51" of the Amended Complaint.
52. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs numbered and designated "52" of the Amended Complaint.
53. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs numbered and designated "53" of the Amended Complaint.
54. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs numbered and designated "54" of the Amended Complaint.
55. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs numbered and designated "55" of the Amended Complaint.
56. Denies each and every allegation contained in paragraph numbered and designated "56" of the Amended Complaint.

## ANSWERING THE SECOND CAUSE OF ACTION

57. With respect to paragraph "57" of the Amended Complaint, the answering defendant repeats and re-alleges paragraphs numbered and designated "1" through "56" inclusive, of this Answer.

58. Denies each and every allegation contained in paragraph numbered and designated "58" of the Amended Complaint.
59. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered and designated "59" of the Amended Complaint.
60. Denies each and every allegation contained in paragraph numbered and designated "60" of the Amended Complaint.
61. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered and designated "61" of the Amended Complaint.
62. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered and designated "62" of the Amended Complaint.
63. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered and designated "63" of the Amended Complaint.
64. Denies each and every allegation contained in paragraph numbered and designated "64" of the Amended Complaint.

## ANSWERING THE THIRD CAUSE OF ACTION

65. With respect to paragraph "65" of the Amended Complaint, the answering defendant repeats and re-alleges paragraphs numbered and designated "1" through "64" inclusive, of this Answer.
66. Denies each and every allegation contained in paragraph numbered and designated "66" of the Amended Complaint.
67. Denies each and every allegation contained in paragraph numbered and designated "67" of the Amended Complaint.
68. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered and designated "68" of the Amended Complaint.
69. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered and designated "69" of the Amended Complaint.
70. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered and designated "70" of the Amended Complaint.
71. Denies each and every allegation contained in paragraph numbered and designated "71" of the Amended Complaint.

## ANSWERING THE FOURTH CAUSE OF ACTION

72. With respect to paragraph "72" of the Amended Complaint, the answering defendant repeats and re-alleges paragraphs numbered and designated "1" through "72", inclusive of this Answer.
73. Denies each and every allegation contained in paragraph numbered and designated "73", of the Amended Complaint.

74. Denies each and every allegation contained in paragraph numbered and designated "74", of the Amended Complaint.
75. Denies each and every allegation contained in paragraph numbered and designated "75", of the Amended Complaint.
76. Denies each and every allegation contained in paragraph numbered and designated "76", of the Amended Complaint.

## ANSWERING THE FIFTH CAUSE OF ACTION

77. With respect to paragraph "77" of the Amended Complaint, the answering defendant repeats and re-alleges paragraphs numbered and designated "1" through "76", inclusive of this Answer.
78. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered and designated "78" of the Amended Complaint.
79. Denies each and every allegation contained in paragraph numbered and designated "79" of the Amended Complaint.
80. Denies each and every allegation contained in paragraph numbered and designated "80" of the Amended Complaint.
81. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered and designated "81" of the Amended Complaint.
82. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered and designated "82" of the Amended Complaint.
83. Denies each and every allegation contained in paragraph numbered and designated "83" of the Amended Complaint.
84. Denies each and every allegation contained in paragraph numbered and designated "84" of the Amended Complaint.
85. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered and designated "85" of the Amended Complaint.
86. Denies each and every allegation contained in paragraph numbered and designated "86" of the Amended Complaint.
87. Denies each and every allegation contained in paragraph numbered and designated "87" of the Amended Complaint.
88. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered and designated "88" of the Amended Complaint.
89. Denies each and every allegation contained in paragraph numbered and designated "89" of the Amended Complaint and refers all questions of law and fact to the court at the trial of this action.
90. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered and designated "90" of the Amended Complaint.
91. Denies each and every allegation contained in paragraph numbered and designated "91" of the Amended Complaint and refers all questions of law and fact to the court at the trial of this action.

92. Denies each and every allegation contained in paragraph numbered and designated "92" of the Amended Complaint and refers all questions of law and fact to the court at the trial of this action.
93. Denies each and every allegation contained in paragraph numbered and designated "93" of the Amended Complaint and refers all questions of law and fact to the court at the trial of this action.
94. Denies each and every allegation contained in paragraph numbered and designated "94" of the Amended Complaint.
95. Denies each and every allegation contained in paragraph numbered and designated "95" of the Amended Complaint.

## ANSWERING THE SIXTH CAUSE OF ACTION:

96. With respect to paragraph "96" of the Amended Complaint, the answering defendant repeats and re-alleges paragraphs numbered and designated "1" through "95", inclusive of this Answer.
97. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered and designated "97" of the Amended Complaint and respectfully submits all questions of fact and law to this Honorable Court.
98. Denies each and every allegation contained in paragraph numbered and designated "98" of the Amended Complaint.
99. Denies each and every allegation contained in paragraph numbered and designated "99" of the Amended Complaint.
100. Denies each and every allegation contained in paragraph numbered and designated "100" of the Amended Complaint.
101. Denies each and every allegation contained in paragraph numbered and designated "101" of the Amended Complaint and respectfully submits all questions of fact and law to this Honorable Court.
102. Denies each and every allegation contained in paragraph numbered and designated "102" of the Amended Complaint and respectfully submits all questions of fact and law to this Honorable Court.

## AS TO JURY DEMAND

103. This answering defendant neither "Admits" nor "Denies" the statement contained in paragraph "103" of the Amended Complaint.

## AS TO PRAYER FOR RELIEF

104. This answering defendant denies that Plaintiff is entitled to the relief sought in the "Wherefore" clause, at pages 16-17 of the Complaint, or any other relief.

## AS AND FOR A STATUTORY DEFENSE

105. Defendant relies on the provisions of Public Health Law 2805-d.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

106. That the injuries of the plaintiff[s] was/were caused in whole or in part by his/her/their own contributory negligence and/or culpable conduct and/or by persons and/or events over which this defendant had no control and his/her/their claims are therefore barred or the amount of same is diminished accordingly.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

107. That the within action and/or the cause of action against defendant is barred as not having been brought within the time prescribed by statute or rule of law.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

108. That the Complaint and/or the cause of action fails to state a cause of action against the answering defendant.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

109. That if any liability is found as against this answering defendant, then said liability will constitute 50% or less of the total liability assigned to all persons liable and, as such, the liability of this answering defendant to plaintiffs for non-economic loss shall be limited and shall not exceed this answering defendant's equitable share, as provided in Article 16 of the New York State Civil Practice Law and Rules.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

110. The plaintiff's actions constituted consent, express or implied, which is a complete defense and bar to recovery.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

111. That at the time of the accident herein, plaintiff[s] was/were guilty of negligence contributing to the happening of the accident, all in accordance with Article 14a of the CPLR.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

112. That plaintiffs' damages, if any, were caused by superseding or intervening events.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

113. The plaintiff is barred from recovery due to the privilege, justification, excuse and lawful

authority of the defendants with regard to the actions or inaction complained of within the plaintiff's complaint.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

114. That each and every alleged injury and damage to plaintiff was proximately caused by the negligence of persons other than the answering defendant, including, without limitation, the employer and fellow workers of the plaintiff.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

115. That the plaintiff failed to mitigate or otherwise act to lessen or reduce the injuries, disabilities, and damages alleged in the Complaint herein.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

116. Defendant claims entitlement to all set-offs provided under the law and in the event plaintiff recovers a verdict or judgment against this answering defendant, then said verdict or judgment must be reduced pursuant to CPLR 4545(c) by those amounts which have been, or will, with reasonable certainty, replace or indemnify plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source including but not limited to insurance, Social Security, Worker's Compensation or employee benefit programs.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

117. Plaintiffs lack standing and/or the capacity to sue or otherwise assert the claims made within the Complaint.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:

118. In the event a release or a covenant not to sue or not to enforce a judgment is given to one or two or more persons liable, or claimed to be liable in tort for the same injury, or the same wrongful death, this answering defendant claims set-off and/or apportionment in accordance with the provisions of General Obligations Law § 15-108.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE:

119. That the plaintiff's complaint and each claim within it are barred by, and this answering defendant relies upon, the doctrine of qualified immunity.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE:

120. This Court lacks jurisdiction over the subject matter of this action.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE:

121. That the plaintiff's complaint and each claim within it are barred as a result of plaintiff's failure to exhaust available and administrative remedies, and/or this action is barred as a result of the collateral estoppel effect and res judicata of such administrative or other court or venue determinations or available remedies.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE:

122. That the plaintiff's constitutional and/or civil or statutory rights have not been violated by this answering defendant, and the plaintiff's complaint fails to set forth sufficient facts to support a claim of such violation by this answering defendant.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE:

123. That at all times relevant to the plaintiff's complaint, this answering defendant conducted himself or herself in good faith, without malice, and reasonable and proper care in the ordinary course of their duties.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE:

124. That the plaintiff's complaint to the extent that it sets forth allegations of medical malpractice may not be maintained as plaintiff has failed to certify that there is merit to the claims in accordance with New York State Law.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE:

125. Actions or conduct initiated by third parties, or by third parties acting in concert with Plaintiff and over which this defendant had no control, are the sole, proximate, and/or contributing cause of damages alleged herein, and therefore, Plaintiff's recovery should be barred, diminished, reduced and/or offset as a result thereof.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE:

126. Actions or conduct initiated by third parties, or by third parties acting in concert with Plaintiff and over which this defendant had no control, superseded or intervened between the acts of conduct of this defendant in such alleged damages, thus barring or reducing any recovery from this defendant.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE:

127. The plaintiff's actions constituted a Consent, express or implied, which is a complete defense and bar to recovery.

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE:

128. That if any liability is found as against this answering defendant then said liability will constitute 50% or less of the total liability assigned to all persons liable and, as such the liability of this answering defendant to plaintiff for non-economic loss shall be limited and shall not exceed this answering defendant's applicable share, as provided in Article 16 of the Civil Practice Law and Rules of the State of New York

## AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE:

129. That plaintiff's complaint is barred as plaintiff failed to comply with the conditions precedent for the commencement of an action against NUMC, a public benefit corporation, including General Municipal Law §50-e (Notice of Claim).

## AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE:

130. That the within action and each count thereof, is barred by and defendant relies upon the doctrine of absolute immunity.

## AS AND FOR A FIRST CROSSCLAIM AGAINST INCORPORATED VILLAGE OF HEMPSTEAD, WALTER OHR, JOHN DOE 1, JOHN DOE 2, THIS ANSWERING DEFENDANT RESPECTFULLY ALLEGES:

131. That if plaintiff recovers against this answering defendant, NUMC, such recovery will have been the result of or have been caused by the reason of the breach of contract, breach of warranty and/or the negligence and carelessness of the defendants INCORPORATED VILLAGE OF HEMPSTEAD, WALTER OHR, JOHN DOE 1, JOHN DOE 2 ("Village defendants") by and through their employees, agents and servants and that by virtue of such breach of contract, breach of warranty and negligence, this answering defendant NUMC is entitled to judgment against Village defendants in any amount the plaintiff may recover.

## AS AND FOR A SECOND CROSSCLAIM AGAINST INCORPORATED VILLAGE OF HEMPSTEAD, WALTER OHR, JOHN DOE 1, JOHN DOE 2, THIS ANSWERING DEFENDANT RESPECTFULLY ALLEGES:

132. That if the plaintiff sustained any of the damages alleged in the complaint through the negligence of anyone other than the plaintiff herself, then such damages were caused

by and the result of the negligence of the Village defendants, and defendant NUMC is entitled to judgment against said Village defendants.

WHEREFORE, this answering defendant demands judgment dismissing the Complaint and/or the cross-complaint, together with an award for the costs, disbursements, expenses and attorneys' fees incurred in the defense of this action and complaint.

Dated: February 16, 2015
       Melville, New York

YOURS, etc.,

/s/ Russell T. McHugh
RUSSELL T. MC HUGH (RTM 0751)
LAWRENCE, WORDEN, RAINIS & BARD, P.C.
Attorneys for Defendant NASSAU UNIV. MED. CTR.
225 Broad Hollow Road, Suite 105E
Melville NY 11747
(631) 694-0033

TO:   STAGG, TERENZI, CONFUSIONE & WABNIK, LLP
Attorneys for Plaintiff
401 Franklin Avenue, Suite 300
Garden City NY 11530
(516) 812-4500

Debra Orbano-DiSalvo, Esq.
Hempstead Village Attorney
Attorney for INCORPORATED VILLAGE OF HEMPSTEAD, WALTER OHR, JOHN DOE 1 AND JOHN DOE 2,
99 Nichols Court
Hempstead, New York 11550
(516) 489-3400 x275
Debraud@villageofhempstead.gov