FILED
CLERK
3/14/2016 11:59 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
MARY KENNY,

                Plaintiff,

  -against-

NASSAU UNIVERSITY MEDICAL CENTER,
THE LONG ISLAND HOME, INCORPORATED
VILLAGE OF HEMPSTEAD, WALTER OHR,
JOHN DOE 1 and JOHN DOE 2,

                Defendants.
---------------------------------------------------------------X

**ORDER**
14-CV-7505 (SJF)(AKT)

FEUERSTEIN, District Judge:

      Pending before the Court are objections (1) by plaintiff Mary Kenny ("plaintiff") to so much of a Report and Recommendation of the Honorable A. Kathleen Tomlinson, United States Magistrate Judge, dated February 3, 2016 ("the Report"), as recommends that the branch of the motion of defendant The Long Island Home d/b/a South Oaks Hospital ("South Oaks") seeking dismissal of plaintiff's negligence/medical malpractice claim against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure be granted; and (2) by South Oaks to so much of the Report as recommends that the branch of its motion seeking dismissal of plaintiff's Section 1983 due process claim against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure be denied. For the reasons stated herein, the Report is rejected in part and accepted in part.

I.      DISCUSSION

    A.      Standard of Review

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct

1

proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b); see Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002). Any portion of a report and recommendation on dispositive matters to which a specific, timely objection has been made is reviewed *de novo.* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). However, the Court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See Thomas v. Arn, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives [judicial] review of a decision in a magistrate judge's report and recommendation if the party fails to file timely objections designating the particular issue."); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point.")

Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); see Sentry Ins. A Mut. Co. v. Brand Mgmt., Inc., 295 F.R.D. 1, 2 (E.D.N.Y. 2013); North Shore-Long Island Jewish Health Care Sys., Inc. v. MultiPlan, Inc., 953 F. Supp. 2d 419, 424 (E.D.N.Y. 2013).

B. Branches of Report Without Objections

Plaintiff has not objected to so much of the Report as (1) recommends that the branch of South Oaks's motion seeking dismissal of her negligent infliction of emotional distress claim against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure be granted, (Report at

2

24-25); and (2) finds that South Oaks is not a state actor under either the "compulsion test" or the "public function test." (Id. at 14-17). There being no clear error apparent on the face of the Report with respect to that recommendation or those findings, those branches of the Report are accepted in their entirety and, for the reasons set forth in the Report, the branch of South Oaks's motion seeking dismissal of plaintiff's negligent infliction of emotional distress claim (fourth cause of action) against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted and plaintiff's negligent infliction of emotional distress claim against South Oaks is dismissed in its entirety with prejudice for failure to state a claim for relief.

      C.      Plaintiff's Objections

Plaintiff contends, *inter alia*, that Magistrate Judge Tomlinson (1) misapplied the applicable legal standard for pleading a medical malpractice claim under New York law; (2) failed to apply the proper standard for evaluating a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; and (3) erred in failing to grant plaintiff leave to file a second amended complaint.

Initially, Magistrate Judge Tomlinson did not err in implicitly denying plaintiff's request for leave to file a second amended complaint to re-plead her negligence/malpractice claim that was contained in a footnote in her opposition to South Oaks's motion. See, e.g. WC Capital Mgmt., LLC v. UBS Sec., LLC, 711 F.3d 322, 334 (2d Cir. 2013); Litwin v. Blackstone Grp., L.P., 634 F.3d 706, 723 (2d Cir. 2011). Magistrate Judge Tomlinson also correctly found that under New York law, "[t]he elements of a cause of action to recover damages for medical malpractice include a deviation or departure from the accepted standard of care and evidence that

the deviation or departure was a proximate cause of injury or damage[.]" Feuer v. Ng, — A.D. 3d —, 24 N.Y.S.3d 198, 200 (N.Y. App. Div. 2016); see also Gale v. Smith & Nephew, Inc., 989 F. Supp. 2d 243, 252 (S.D.N.Y. 2013) ("Under New York law, the essential elements of a medical malpractice claim are a departure from good and accepted medical practice and evidence that such departure was a proximate cause of the plaintiff's injury." (quotations and citation omitted)); Estiverne v. Esernio-Jenssen, 581 F. Supp. 2d 335, 350 (E.D.N.Y. 2008) (accord).

However, I respectfully disagree with Magistrate Judge Tomlinson's findings: (1) that paragraphs ninety-eight (98) and ninety-nine (99) of the amended complaint are "[t]he only references in the Amended Complaint to any deviation of care with respect to [p]laintiff's malpractice claim[,]" (Report at 23); and (2) that, even assuming a deviation of care, the amended complaint "fail[s] to establish" how South Oaks's conduct "proximately caused [p]laintiff's injuries." (Id.) Although the amended complaint is not the epitome of clarity, it may reasonably be inferred from various allegations in the amended complaint that plaintiff is: (1) challenging the medical judgment of South Oaks in deciding to involuntarily commit her under New York Mental Hygiene Law § 9.37[1], i.e., in finding that there was a "need for [her]

---

[1] Section 9.37(a) of the New York Mental Hygiene Law provides:

> "The director of a hospital, upon application by a director of community services or an examining physician duly designated by him or her, may receive and care for in such hospital as a patient any person who, in the opinion of the director of community services or the director's designee, has a mental illness for which immediate inpatient care and treatment in a hospital is appropriate and which is likely to result in serious harm to himself or herself or others.
>
> The need for immediate hospitalization shall be confirmed by a staff physician of the hospital prior to admission. Within seventy-two hours, excluding Sunday and holidays, after such admission, if such patient is to be retained for care and treatment beyond such time and he or she does not agree to remain in such hospital as a

4

immediate hospitalization," N.Y. Mental Hyg. Law § 9.37(a); and (2) alleging harm and injury as a result thereof. Although not all of those allegations are specifically set forth as part of the amended complaint's sixth cause of action asserting a claim for negligence/malpractice, the sixth cause of action expressly indicates that "[p]laintiff repeats, realleges and incorporates all preceding paragraphs in this Complaint [sic] as if fully set forth below." (Am. Compl., ¶ 96).

Moreover, in her objections to the Report, plaintiff proposes, for the first time, new allegations she would include in a second amended complaint if granted leave to amend to cure any pleading deficiencies in her negligence/malpractice claim in the amended complaint.[2] (See Plf. Obj. at 7). Although "a district court generally will not consider new arguments raised for the first time in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not[,]" Charlot v. Ecolab, Inc., 97 F. Supp. 3d 40, 51 (E.D.N.Y. 2015), leave to amend should freely be given "when justice so requires." Fed. R. Civ.

---

voluntary patient, the certificate of another examining physician who is a member of the psychiatric staff of the hospital that the patient is in need of involuntary care and treatment shall be filed with the hospital. From the time of his or her admission under this section the retention of such patient for care and treatment shall be subject to the provisions for notice, hearing, review, and judicial approval of continued retention or transfer and continued retention provided by this article for the admission and retention of involuntary patients, provided that, for the purposes of such provisions, the date of admission of the patient shall be deemed to be the date when the patient was first received in the hospital under this section."

N.Y. Mental Hyg. Law § 9.37(a).

[2] I have not, however, considered the expert's report upon which those allegations are purportedly based in determining whether plaintiff's allegations state a plausible claim for relief under New York law. For purposes of this motion, I accept those allegations as true and draw all reasonable inferences therefrom in favor of plaintiff. See Nielsen v. Rabin, 746 F.3d 58, 62 (2d Cir. 2014) ("In addressing the sufficiency of a complaint [courts] accept as true all factual allegations and draw from there all reasonable inferences[.]" (quotations and citation omitted)).

P. 15(a)(2). There is no evidence of bad faith on the part of plaintiff in seeking to amend her negligence/malpractice claim in response to South Oaks's motion to dismiss, and little or no prejudice to South Oaks in deeming plaintiff's amended complaint to include those new allegations since, *inter alia*, the parties have now completed discovery in this case, (see Docket Entry ["DE"] 51 ("Despite the outstanding motion [pursuant to Fed. R. Civ. P. 12(b)], [South Oaks] has continued to actively participate in discovery")), including, presumably, discovery on plaintiff's malpractice claim since it was never stayed or dismissed; and South Oaks has recently served a motion for summary judgment dismissing plaintiff's claims against it pursuant to Rule 56 of the Federal Rules of Civil Procedure, (DE 63), addressing the merits of plaintiff's claims against it. Accordingly, plaintiff's amended complaint is deemed amended to include the new allegations set forth on page seven (7) of her objections to the Report. See, e.g. Kroshnyi v. U.S. Pack Courier Servs., Inc., 771 F.3d 93, 110 (2d Cir. 2014) ("Because plaintiffs have neither suffered significant prejudice from the grant of the motion to amend, nor pointed to any evidence of bad faith on the part of [the defendant], . . . the district court acted within its discretion in granting [the defendant's] motion to amend its answer to assert a statute of frauds defense."); City of New York v. Group Health Inc., 649 F.3d 151, 157 (2d Cir. 2011) ("The rule in our circuit is to allow a party to amend its complaint unless the nonmovant demonstrates prejudice or bad faith.")

Since the allegations in plaintiff's amended complaint, as deemed amended to include the new allegations set forth in her objections, are sufficient, at the pleadings stage, to state a plausible claim that South Oaks and/or its staff physician, Dr. Kumar, deviated from accepted practice in exercising medical judgment to involuntarily commit plaintiff under New York

6

Mental Hygiene Law § 9.37, i.e., in finding that the was a "need for [plaintiff's] immediate hospitalization," N.Y. Mental Hyg. Law § 9.37(a), they state a plausible claim for negligence and malpractice under New York law.  See, e.g. Morgan v. City of New York, 32 A.D.3d 912, 914, 822 N.Y.S.2d 567 (N.Y. App. Div. 2006) (holding that allegations that the hospital deviated from the appropriate standard of care in exercising medical judgment under New York Mental Hygiene Law §§ 9.37 and 9.39 are sufficient to state a cause of action for negligence and medical malpractice).  Accordingly, so much of the Report as recommends that the branch of South Oaks's motion seeking dismissal of plaintiff's negligence/malpractice claim against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure be granted is rejected and that branch of South Oaks's motion is denied.

D. South Oaks's Objections

South Oaks contends, *inter alia*, that Magistrate Judge Tomlinson erred in concluding: (1) that the complaint "contains facts sufficient to make out a claim of deprivation of rights in order to satisfy the first prong of a claim under 42 USC §1983 [sic][,]" (South Oaks's Objections at 2); and (2) that South Oaks acted under color of state law.

1. Under Color of State Law

In finding that South Oaks was acting under color of state law under the "close nexus/joint action test," (Report at 17-22), Magistrate Judge Tomlinson erred in relying on the conclusory allegations contained in plaintiff's opposition papers that South Oaks "relied on NUMC's initial determination," (see Report at 19 (quoting Pl.'s Opp'n at 2, 9 [sic])), to

7

involuntarily commit her, see, e.g. Friedl v. City of New York, 210 F.3d 79, 83-84 (2d Cir. 2000) ("[A] district court errs when it . . . relies on factual allegations contained in legal briefs or memoranda . . . in ruling on a 12(b)(6) motion to dismiss."); Fonte v. Bd. of Managers of Cont'l Towers Condo., 848 F.2d 24, 25 (2d Cir. 1988) ("Factual allegations contained in legal briefs or memoranda are . . . treated as matters outside the pleading for purposes of Rule 12(b). . . . Thus, it would . . . have been error for the court to consider the factual allegations contained in the plaintiffs' memorandum of law . . . ."), particularly since, *inter alia*, plaintiff did not seek leave to amend her amended complaint to re-plead her Section 1983 claims to include those allegations. See Fonte, 848 F.2d at 26. Although plaintiff cited to various paragraphs in her amended complaint as purported support for her contention that South Oaks is a state actor because it "worked in conjunction with NUMC [the Nassau University Medical Center"] by . . . relying on NUMC's inaccurate conclusion that [p]laintiff was in need of involuntarily commitment[,]" (Pl.'s Opp'n 9), none of those paragraphs actually support even a reasonable inference of such reliance. (See Am. Compl., ¶¶ 32-34, 37-43, 79-83).

Indeed, factual allegations in the amended complaint, as deemed amended as set forth above, seemingly contradict the inference drawn by Magistrate Judge Tomlinson from plaintiff's conclusory allegations of reliance in her opposition papers, i.e., that South Oaks did not independently examine plaintiff prior to committing her. (See Report at 19). Specifically, the amended complaint, as deemed amended, alleges, *inter alia*: (1) that South Oaks interviewed plaintiff and expressly "ignored" the outside findings of ABS, (Plf. Obj. at 7); (2) that instead of believing plaintiff's statements to its staff, South Oaks "viewed [those] statements as failing to have 'insight' into her behaviors . . . [and] to appreciate her dangerous behaviors[,]" (Am.

8

Compl., ¶ 41); and (3) that Dr. Kumar, South Oaks's psychiatrist, concluded that the February 18, 2014 "was a dangerous activity" and decided to involuntarily commit her. (Plf. Obj. at 7). Those allegations controvert any inference that South Oaks failed to independently examine plaintiff prior to involuntarily committing her pursuant to New York Mental Hygiene Law § 9.37. Indeed, it is now clear from the amended complaint, as deemed amended, that the decision to involuntarily commit plaintiff to South Oaks pursuant to New York Mental Hygiene Law § 9.37 was based solely upon the independent medical judgment of Dr. Kumar, South Oaks's psychiatrist.[3] As a result, South Oaks is not a state actor under the "close nexus/joint action test." See, e.g. McGugan v. Aldana-Bernier, 752 F.3d 224, 229-231 (2d Cir. 2014), cert. denied, 135 S. Ct. 1703, 191 L. Ed. 2d 680 (2015) (finding that the plaintiff had failed to allege state action on the part of private health care providers who involuntarily committed her pursuant to the New York Mental Hygiene Law); Doe v. Rosenberg, 996 F. Supp. 343, 352-53 (S.D.N.Y. 1998), aff'd 166 F.3d 507 (2d Cir. 1999) ("[B]ecause the [Mental Hygiene Law] merely licenses private physicians and hospitals to commit involuntary commitments yet in no way influences the decisions to commit, its relationship with the Hospital Defendants is insufficient to pass the close nexus/joint action test."); Hogan v. A.O. Fox Mem'l Hosp., 346 F. App'x 627, 629 (2d Cir. Sept.

---

[3] Although involuntary commitment under Section 9.37 of the New York Mental Hygiene Law requires a certificate of a director of community services or his medical designee, i.e., presumably a state actor, that a patient "has a mental illness for which immediate inpatient care and treatment in a hospital is appropriate and which is likely to result in serious harm to himself or herself or others[,]" N.Y. Mental Hyg. Law § 9.37(a), the director of a hospital "may," but is not required to, commit the patient upon such certification. Prior to involuntarily committing a patient upon such certification, "[t]he need for immediate hospitalization shall be confirmed by a staff physician of the hospital . . . ." Id. Thus, the decision to involuntarily commit a patient under Section 9.37 of the New York Mental Hygiene Law "turns on medical judgments made by private parties according to professional standards that are not established by the State." Blum v. Yaretsky, 457 U.S. 991, 1008, 102 S. Ct. 2777, 73 L. Ed. 2d 534 (1982).

9

18, 2009) (summary order) (finding, *inter alia*, that the private hospital and private physician who involuntarily committed the plaintiff after she was brought to the hospital for evaluation by local law enforcement officers pursuant to a transport order signed by the medical designee of the county director of community services were not state actors); cf. Bryant v. Steele, 93 F. Supp. 3d 80, 90-91 (E.D.N.Y. 2015) (finding that the private physicians were state actors under the close nexus/joint action test where, *inter alia*, the factual allegations in the complaint indicated that they relied upon the assessment of a state actor to involuntarily commit plaintiff without conducting an independent medical examination); Tewksbury v. Dowling, 169 F. Supp. 2d 103, 109 (E.D.N.Y. 2001) ("[I]f the decision to commit [the plaintiff] was based purely on [the private health care provider's] own independent medical judgment, Defendants would be correct that they are not state actors. However, [the plaintiff] was admitted to [the private hospital] without any independent examination.")

Since there are no factual allegations in the amended complaint from which it may reasonably be inferred that the decision to involuntarily commit plaintiff to South Oaks pursuant to New York Mental Hygiene Law § 9.37 was based upon joint action by, or a sufficiently close nexus between, NUMC, a state actor, and South Oaks, a private entity, South Oaks was not acting under color of state law in deciding to involuntarily commit plaintiff pursuant to New York Mental Hygiene Law § 9.37. Accordingly, the amended complaint, as deemed amended, fails to state a plausible Section 1983 against South Oaks. See McGugan, 752 F.3d at 229 ("To state a claim under § 1983, a plaintiff must allege that defendants violated plaintiff's federal rights while acting under color of state law.") Thus, so much of the Report as recommends that the branch of South Oaks's motion seeking dismissal of plaintiff's Section 1983 claims against it

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure be denied is rejected; that branch of South Oaks's motion is granted; and plaintiff's Section 1983 claims (fifth cause of action) against South Oaks are dismissed in their entirety with prejudice for failure to state a claim for relief.[4]

II.    CONCLUSION

For the reasons set forth herein, so much of the Report as recommends (1) that the branch of South Oaks's motion seeking dismissal of plaintiff's negligence/malpractice claim against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure be granted, and (2) that the branch of South Oaks's motion seeking dismissal of plaintiff's Section 1983 claims against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure be denied, are rejected; and the Report is otherwise accepted in its entirety.  For the reasons set forth in the Report, the branch of South Oaks's motion seeking dismissal of plaintiff's negligent infliction of emotional distress claim (fourth cause of action) against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted and plaintiff's negligent infliction of emotional distress claim against South Oaks is dismissed in its entirety with prejudice for failure to state a claim for relief.  For the reasons set forth herein, the branch of South Oaks's motion seeking dismissal of plaintiff's Section 1983 claims (fifth cause of action) against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted; plaintiff's Section 1983 claims against South Oaks are

---

[4] In light of this determination, it is unnecessary to consider South Oaks's objections to so much of the Report as finds that the amended complaint sufficiently states a claim for a deprivation of a constitutional right.

dismissed in their entirety with prejudice for failure to state a claim for relief; and South Oaks's motion is otherwise denied.

SO ORDERED.

                                                                  /s/
                                        SANDRA J. FEUERSTEIN
                                        United States District Judge

Dated: March 14, 2016
       Central Islip, New York